**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**CARL P.**[1] **PLAINTIFF**

**V.** **CIVIL ACTION NO. 1:25-CV-156-DAS**

**COMMISSIONER OF SOCIAL SECURITY** **DEFENDANT**

MEMORANDUM OPINION AND JUDGMENT

Before the court is Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration regarding his application for disability insurance benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. Docket 12. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law, and having heard oral argument, finds the decision of the Commissioner of Social Security should be affirmed.

FACTS

Plaintiff, Carl P., filed his application for benefits in August 2023. The SSA denied the application initially and on reconsideration. After a telephonic hearing at which Plaintiff and a vocational expert testified, the Administrative Law Judge issued an unfavorable decision on April 11, 2025. The Appeals Council denied review on July 29, 2025, and this timely appeal followed.

The ALJ determined Plaintiff had the following severe impairments: history of degenerative disc disease, obesity, PTSD, anxiety, depression, and osteoarthritis of knees, wrist, left shoulder, hip, and spine. The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform a reduced range of light work. Specifically, he could never climb ladders, ropes, or scaffolds but could occasionally climb ramps and stairs; he could occasionally stoop, crouch, kneel, or crawl; he must avoid unprotected heights

[1] Consistent with guidance from the Judicial Conference's Committee on Court Administration and Case Management regarding privacy concerns in social security cases, the undersigned identifies the plaintiff only by the first name and last initial.

and hazardous moving machinery; he could frequently, but not constantly, handle and finger objects with the right hand; he could occasionally reach overhead with his left arm; he could understand, remember, and carry out simple instructions for the performance of simple, routine tasks; he could maintain attention and concentration on tasks for 2-hour periods in an 8 hour day, with normal breaks; he could occasionally interact with supervisors and coworkers but never with the general public; and he could adapt to simple occasional and gradually introduced changes to the workplace.

The ALJ found, based on the testimony of the VE, that there were jobs in the national economy that would fit within Plaintiff's RFC. For example, the ALJ found he could work as a marker, router, and routing clerk.

## ANALYSIS

Judicial review under 42 U.S.C. § 405(g) is limited to determining whether substantial evidence supports the Commissioner's decision and whether the proper legal standards were applied. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, and the threshold is not high. *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019). A finding that substantial evidence is lacking is appropriate only when no credible evidentiary choices or medical findings support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The court may not reweigh the evidence or substitute its judgement for that of the Commissioner merely because the record could support a different result.

Plaintiff first argues the ALJ ignored "opinion evidence from Nurse Practitioner Keshea Shannon at Exhibit 8F stating the claimant could miss four or more workdays per month and would require frequent unscheduled breaks." Defendant's brief notes that Exhibit 8F of the administrative record is a consultative examination performed by Nurse Practitioner LaFadra Macklin, which states nothing regarding absenteeism. Nor could Defendant locate any such opinion from Keshea Shannon in the record. The Court likewise could locate no such evidence in the record. At the hearing on this matter, the Court informed Plaintiff it would hold final ruling on this matter to allow Plaintiff additional time to comb the

record and identify any such opinion. Plaintiff has not done so. The Court accordingly finds the ALJ did not err in failing to address absenteeism as no such evidence of absenteeism was identified in the record.

Plaintiff next argues the ALJ failed to resolve an apparent reasoning level conflict. The ALJ limited Plaintiff to "simple instructions." Plaintiff argues "short, simple instructions" require level 1 reasoning skills. *See Albra v. Commissioner of Social Security*, 825 F. App'x 704, 708-09 (11th Cir. 2020). The jobs listed by the VE required level 2 and level 3 reasoning. Thus, according to Plaintiff, there was a conflict between the VE's testimony and the DOT.

However, as Defendant pointed out at the hearing, the ALJ limited Plaintiff to "simple instructions," not "*short*, simple instructions." A limitation to "simple instructions" is not inconsistent with a reasoning level of 2. *See David M. v. Kijakazi*, 2023 WL 8007388, at * 4-5 (N.D. Tex. Oct. 11, 2023). Even if one of the VE's available jobs exceeded Plaintiff's reasoning level, two valid jobs were identified with sufficient availability in the national economy. Accordingly, the Court finds the ALJ's decision is supported by substantial evidence. Therefore, the decision of the Commissioner is hereby **affirmed**.

**SO ORDERED**, this the 3rd day of September, 2026.

**/s/ David A. Sanders**
**U.S. MAGISTRATE JUDGE**